IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., | ) ) ) Case No. 17-cv-02575 |
| Plaintiff, | ) ) Judge Andrea R. Wood |
| v. | ) ) Magistrate Judge Maria Valdez |
| CHENGSKY2013, et al., | ) ) ) |
| Defendants. | ) ) |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiff Western Digital Technologies, Inc.'s ("Western Digital" or "Plaintiff") Motion for Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the defendants identified on Schedule A to the Amended Complaint and attached hereto (collectively, the "Defendants").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet stores through which Illinois residents can purchase products using counterfeit versions of the WD Trademarks (a list of which is included in the below chart).

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 4,680,076 | WD PURPLE | For: data storage devices, namely, hard disk drives, digital disk drives, media players, solid state drives, blank digital storage media, hybrid hard drives and computer |

| | | peripherals; computer storage devices, namely, computer memory hardware and hard drives for computers; digital electronic devices, namely, hybrid hard drives and hybrid disk drives for organizing, receiving, playing, transmitting, managing, storing, securing, encrypting, centralizing, backing-up, transferring, customizing, navigating, playing, viewing, accessing, sharing, streaming, synchronizing, modifying, reviewing, uploading, and downloading text, data, image, audio and video files, information, or media stored on, streamed through, hosted on or run on data storage devices, hard drives, disk drives, solid state drives, media players and internet servers; removable hard drive based computer backup system; computer hardware for upload, storage, retrieval, download, transmission and delivery of digital content; computer software for use in the synchronization, back-up, playing and encryption and decryption of digital files, including audio, video, text, binary, still images, graphics and multimedia files; computer network storage devices, namely, storage and backup of electronic data either locally or via a telecommunications network; networking software, namely, software for setting up and configuring managed storage and online backup services over wide area networks; computer software and hardware for synchronizing and connecting local network storage and global computer networks, for upload, storage, retrieval, download, transmission and delivery of digital content, for storing and managing data on local and internet-based file servers, for processing storage of data; computer firmware for data storage, data retrieval, data access, data backup, data replication, data availability, data recovery, data translation and data conversion; computer hardware for use in video surveillance applications and systems, digital or personal video recorders, internet |

| | | |
|---|---|---|
| | | protocol televisions, set-top boxes, audio systems, digital signage, karaoke players, computer gaming devices and dvd recorders in class 009.<br><br>For: maintenance of data storage devices, hard drives, disk drives, solid state drives, media players and computer peripherals in class 037. |
| 4,628,454 | *WD logo* | For: online retail store services provided via a global computer network featuring computer hardware, computer storage devices, computer software, computer peripherals, media players and protective cases for hard drives in class 035. |
| 4,537,757 | WD ELEMENTS | For: computer storage devices in the nature of hard disk drives, digital disk drives, media players, solid state drives and computer peripherals; computer products, namely, data storage products in the nature of digital electronic devices, namely, disk drives and hybrid disk drives, for organizing, receiving, transmitting, managing, storing, securing, encrypting, centralizing, playing, streaming, backing-up, transferring, customizing, navigating, playing, viewing, accessing, sharing, synchronizing, modifying, reviewing, uploading, and downloading text, data, image, audio and video files, information, or media stored on, streamed through, hosted on or run on data storage devices, hard drives, disk drives, solid state drives, and media players in class 009. |
| 4,448,552 | WD GREEN | For: computer disk drives in class 009. |
| 4,448,551 | WD BLACK | For: computer disk drives in class 009. |
| 4,448,549 | WD BLUE | For: computer disk drives in class 009. |
| 4,419,400 | WD RED | For: computer disk drives in class 009. |

3

| | | |
|---|---|---|
| 3,793,628 | MY PASSPORT | For: computer products, namely, disk drives, computer storage units, namely, computer hardware for storage of digital data, and computer peripherals, excluding mouse pads in class 009. |
| 3,269,156 | WD SCORPIO | For: disk drives, hard drives in class 009. |
| 3,130,924 | *WD* logo | For: computer products, namely hard drives and disk drives in class 009. |
| 3,062,297 | WD | For: computer products, namely hard drives in class 009. |
| 3,040,756 | WESTERN DIGITAL | For: computer products, namely hard drives and disk drives in class 009. |
| 1,016,514 | WESTERN DIGITAL | For: integrated circuits in class 009. |

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Western Digital's previously granted Motion for Entry of a Temporary Restraining Order establishes that Western Digital has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Western Digital will suffer irreparable harm if the injunction is not granted. Specifically, Western Digital has proved a *prima facie* case of trademark infringement because (1) the WD Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use any of the WD Trademarks, and (3) Defendants' use of the WD Trademarks is causing a likelihood of confusion

4

as to the origin or sponsorship of Defendants' products with Western Digital. Furthermore, Defendants' continued and unauthorized use of the WD Trademarks irreparably harms Western Digital through diminished goodwill and brand confidence, damage to Western Digital's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Western Digital has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. As such, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily enjoined and restrained from:

    a. using the WD Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Western Digital Product or not authorized by Western Digital to be sold in connection with the WD Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Western Digital Product or any other product produced by Western Digital, that is not Western Digital's or not produced under the authorization, control or supervision of Western Digital and approved by Western Digital for sale under the WD Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Western Digital, or are sponsored by, approved by, or otherwise connected with Western Digital;

    d. further infringing the WD Trademarks and damaging Western Digital's goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Western Digital, nor authorized by Western Digital to be sold or offered for sale, and which bear any of Western Digital's trademarks, including the WD Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the Defendant Internet Stores, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, and Alibaba, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing, and Yahoo, (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Western Digital expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts and Defendants'

        financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts;

    c. Defendants' Online Marketplace Accounts;

    d. any domain names registered by Defendants; and

    e. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Western Digital's request, those in privity with Defendants and those with notice of the injunction, including the Third Party Providers as defined in Paragraph 2, shall, within five (5) business days after receipt of such notice:

    a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the WD Trademarks;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the WD Trademarks; and

    c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

4. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. PayPal, Inc. ("PayPal") shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts:

   a. locate all accounts and funds connected to Defendants or Defendants' Online Marketplace Accounts, including, but not limited to, any PayPal accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Cynthia Tregillis, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds that are not U.S. based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Western Digital may provide notice of these proceedings to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), by electronically publishing a link to the Amended Complaint, this Order and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Cynthia Tregillis and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of the Court is directed to issue a single original summons in the name of "CHENGSKY2013 and all other Defendants identified in the Amended Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that

       Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Western Digital's Amended Complaint [11] and Exhibit 1 thereto [11-1], Schedule A to the Complaint [10] and the Amended Complaint [11-2], Exhibit 2 to the Declaration of Cynthia Tregillis [16], and the TRO [24] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Western Digital or on shorter notice as set by this Court.

9. The $10,000 bond posted by Western Digital shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

                                IT IS SO ORDERED.

Dated: April 25, 2017

                                Andrea R. Wood
                                United States District Judge

**Western Digital Technologies, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"**
**Case No. 17-cv-02575**

# Schedule A

| No. | Defendant Name / Alias |
|---|---|
| 1 | chengsky2013 |
| 3 | alwaysoutlet |
| 5 | cn-jinka |
| 7 | fangfangzuo |
| 9 | galaxyond |
| 11 | hello2usa |
| 13 | iphona5s |
| 15 | rduj6688 |
| 17 | shintent2wincoltd |
| 19 | sweepworld |
| 21 | top5zoom |

| No. | Defendant Name / Alias |
|---|---|
| 2 | afforddaily |
| 4 | bestbid818 |
| 6 | dentalove |
| 8 | fast-ship-item |
| 10 | goparts_shopping |
| 12 | hotbid8088 |
| 14 | lifewin1201 |
| 16 | rotarytattoo |
| 18 | super-medical-shop |
| 20 | ti.h777 |
| 22 | yanhk14 |

| No. | Defendant Marketplace URL |
|---|---|
| 1 | ebay.com/usr/chengsky2013 |
| 3 | ebay.com/usr/alwaysoutlet |
| 5 | ebay.com/usr/cn-jinka |
| 7 | ebay.com/usr/fangfangzuo |
| 9 | ebay.com/usr/galaxyond |
| 11 | ebay.com/usr/hello2usa |
| 13 | ebay.com/usr/iphona5s |
| 15 | ebay.com/usr/rduj6688 |
| 17 | ebay.com/usr/shintent2wincoltd |
| 19 | ebay.com/usr/sweepworld |
| 21 | ebay.com/usr/top5zoom |

| No. | Defendant Marketplace URL |
|---|---|
| 2 | ebay.com/usr/afforddaily |
| 4 | ebay.com/usr/bestbid818 |
| 6 | ebay.com/usr/dentalove |
| 8 | ebay.com/usr/fast-ship-item |
| 10 | ebay.com/usr/goparts_shopping |
| 12 | ebay.com/usr/hotbid8088 |
| 14 | ebay.com/usr/lifewin1201 |
| 16 | ebay.com/usr/rotarytattoo |
| 18 | ebay.com/usr/super-medical-shop |
| 20 | ebay.com/usr/ti.h777 |
| 22 | ebay.com/usr/yanhk14 |