IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., <br><br>  Plaintiff, <br><br> v. <br><br> CHENGSKY2013, et al., <br><br>  Defendants. | Case No. 17-cv-02575 <br><br> **Judge Andrea R. Wood** <br><br> **Magistrate Judge Maria Valdez** |

**JOINT INITIAL STATUS REPORT**

Plaintiff Western Digital Technologies, Inc. ("Western Digital" or "Plaintiff") and the Defendants identified by and operating the Internet stores alwaysoutlet, rotarytattoo, bestbid818, dentalove, fast-ship-item, galaxyond, hello2usa, hotbid8088, iphona5s, top5zoom, and super-medical-shop (collectively "Defendants") hereby submit the following joint initial status report.

**1.      Nature of the Case**

   **A.  Attorneys of Record**

Plaintiff is represented by Kevin W. Guynn (lead trial attorney), Justin R. Gaudio, Amy C. Ziegler, and Jessica Bloodgood from Greer, Burns & Crain Ltd., in Chicago, Illinois.

Defendants are represented by David Brezina from Ladas & Parry LLP in Chicago.

   **B.  Service**

Service has been effectuated on all Defendants.  [26].

   **C.  Basis for Federal Jurisdiction**

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

### D. Nature of Claims Asserted

Plaintiff has brought claims for federal trademark infringement and counterfeiting, false designation of origin, and violation of the Illinois Uniform Deceptive Trade Practices Act. Defendants have not asserted any counterclaims.

### E. Relief Sought by Plaintiff

Plaintiff claims that Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the WESTERN DIGITAL Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

Plaintiff claims statutory damages for counterfeiting of the WESTERN DIGITAL Trademarks pursuant to 15 U.S.C. § 1117(c)(1) in an amount not less than $1,000 or more than $200,000 per counterfeit mark used by Defendants in connection with the sale, offering for sale, or distribution of goods or services.

Plaintiff claims increased statutory damages for willful counterfeiting of the WESTERN DIGITAL Trademarks pursuant to 15 U.S.C. § 1117(c)(2) in an amount not more than $2,000,000 per counterfeit mark used by Defendants in connection with the sale, offering for sale, or distribution of goods or services.

Plaintiff further claims injunctive relief, attorney's fees, costs, and any other further relief as deemed proper by the Court.

### F. Major Legal and Factual Issues

Defendants dispute Plaintiff's allegations, namely, that Defendants have engaged in willful federal trademark infringement and counterfeiting, false designation of origin, violation of the Illinois Uniform Deceptive Trade Practices Act,

## 2. Case Plan

### A. Pending Motions

There are no motions pending as of the date of filing this Joint Initial Status Report. Plaintiff and Defendants contemplate filing dispositive motions. Plaintiff specifically contemplates a motion for summary judgment on all of its claims as to Defendants. Defendants specifically contemplate a motion for partial summary judgment on the ground that the conduct alleged, even if proven, does not constitute counterfeiting.

### B. Defendants' Response to Amended Complaint

Defendants have filed an Answer [40].

### C. Proposed Discovery Plan

#### 1. Summary of Discovery

Informal discovery has taken place. The parties anticipate the need for written discovery and document production. The Parties may elect to conduct depositions of fact witnesses upon completion of written discovery.

#### 2. Discovery Encompassing Electronically Stored Information ("ESI")

The parties anticipate discovery will include ESI, which shall be produced in an electronic format that is feasible and acceptable to all parties. Such documents may be produced in native format, by TIFF or PDF images, or in another format agreed upon by the parties. The parties will confer to resolve any issues that arise with respect to electronic discovery, including issues regarding the compatibility of computer systems and software. ESI production requests shall not include metadata absent a showing of good cause.

Privilege logs shall be provided and updated on a rolling basis as documents are produced in response to any party's request for documents. The privilege logs shall provide reasons for each document withheld from production, as well as for each redaction from a document produced. Parties need not include privileged communications that occurred in preparation for and after this suit was filed in their privilege logs.

Each page of a produced document will contain a legible production number and confidentiality notice, where applicable, which will be placed on the page image in a manner that does not conceal or interfere with any information contained on the page. No other stamp or information will be placed on a document other than a production number, confidentiality notice, and any redactions. This provision does not apply to documents produced in native electronic format.

Documents produced during the litigation that are privileged can be recalled as soon as practicable after it is discovered they were produced without any need to show the production was inadvertent. No use shall be made of such recalled documents, including during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them, except that such recalled documents may be used to challenge the asserted privilege claim(s).

The following deposition protocols apply to all non-expert deponents (the parties shall meet and confer separately on expert witness deposition protocols, if applicable):

- In order to save expense and travel time, all depositions of a single individual shall, to the extent possible, proceed for full deposition days.
- Videotaped depositions shall be permitted pursuant to Fed. R. Civ. P. 30(b)(3). The swearing or affirming of the witness shall be on camera. The camera shall, at all times, include within its field of vision only the deponent and/or an exhibit offered in evidence. The camera shall remain stationary at all times during the deposition and shall not zoom in or out.

- In the event that a party will depose a non-party, any subpoena or deposition notice shall be served at least ten (10) calendar days before the deposition is scheduled to commence, if practicable.

Defendants note that ownership and control is in an individual who is a citizen and resident of the People's Republic of China who may be subject to regulation regarding the export of information therefrom.

All papers will be served by e-mail upon an agreed list of counsel for the parties. Service by e-mail will be considered service by hand-delivery for purposes of computing time. Service on Defendants should include counsel of record and Mark Fang, Esq. a member of the bar of the State of California, MFang@markfangapc.com. Voluminous supporting exhibits may be served by hand-delivery or next business day courier (e.g. Fed Ex, UPS, etc.) delivery.

Except as otherwise agreed by the parties or as ordered by the Court, the limitations in the Federal Rules and Local Rules apply.

### 3. Proposed Scheduling Order

The parties jointly suggest the following discovery deadlines:

a. Rule 26(a)(1) disclosures to be exchanged on or before July 28, 2017.
b. Written Discovery to be issued on or after August 11, 2017.
c. Fact Discovery to be completed by November 11, 2017.
d. Discovery should proceed in phases.
e. At this time, no expert witnesses are contemplated.

### D. Trial

There is no jury demand. The parties anticipate the length of trial to be 2-4 days.

### 3. Settlement

Settlement discussions have occurred between the parties, but the parties have not reached a resolution. At this time, the parties do not agree that a settlement conference will be helpful.

### 4. Consent to Proceed Before a Magistrate Judge

Counsel for Plaintiff and counsel for Defendants have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and the parties do not consent to that procedure at this time.

Dated this 29th day of June 2017.  Respectfully submitted,

/s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
kguynn@gbc.law
aziegler@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law

*Counsel for Plaintiff*
*Western Digital Technologies, Inc.*


/s/ _/David C. Brezina/_
David C. Brezina
Ladas & Parry LLP
224 South Michigan Ave
Suite 1600
Chicago, Illinois 60604
(312) 427-1300
dbrezina@ladas.net

*Counsel for Defendants*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of June 2017, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a "Notice of E-Filing" to the attorneys of record in the case.

/s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
kguynn@gbc.law
aziegler@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law

*Counsel for Plaintiff*
*Western Digital Technologies, Inc.*